# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LIVESAY,<br><br>        Plaintiff,<br>v.<br><br>BBVA COMPASS BANCSHARES, INC.,<br><br>        Defendant. | CASE NO. 15cv2308 DMS (AGS)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** |

This case comes before the Court on Defendant's motion to dismiss and Plaintiff's motion for leave to file a Third Amended Complaint. Both motions are fully briefed and ready for disposition. For the reasons set out below, Plaintiff's motion is granted and Defendant's motion is denied as moot.

Federal Rule of Civil Procedure 15 provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.* -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest

weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, Defendant does not assert that it would be prejudiced if Plaintiff is granted leave to file the Third Amended Complaint. Rather, the only argument it raises is that the proposed amendment would be futile. The Court disagrees.

In a recent order, this Court addressed the standing issues Defendant raises in its motion to dismiss. (*See Garcia v. Caine & Weiner Co.*, Case No. 16cv0850, Docket No. 21.) Pursuant to that Order, allowing Plaintiff to file the Proposed Third Amended Complaint would not be futile. Indeed, the amendment would address the alleged standing deficiencies. Absent a showing that any of the other factors warrant denial of Plaintiff's motion for leave to amend, that motion is granted. In light of that ruling, Defendant's motion to dismiss Plaintiff's Second Amended Complaint is denied as moot.

**IT IS SO ORDERED**.

DATED: November 21, 2016

HON. DANA M. SABRAW
United States District Judge